IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: |
| v. | ) ) ) | COMPLAINT |
| TENET HEALTHCARE and PIPELINE-WEST SUBURBAN MEDICAL CENTER, LLC, | ) ) ) ) ) | **Jury Trial Demand** |
| Defendants. | ) | |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Maribel Quiroz. As alleged with greater particularity below, Tenet Healthcare ("Tenet") violated the ADA when it failed to provide Quiroz a reasonable accommodation in January 2016, failed to permit her to return to work in April 2016 because of her disability, and discharged her in July 2016 because of her disability. Defendant Pipeline-West Suburban Medical Center, LLC ("Pipeline") is a successor to Defendant Tenet for all purposes related to this action.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to §107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 194 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Tenet has been a corporation incorporated under the laws of the state of Nevada doing business in the State of Illinois, in the city of Oak Park.

5. From at least July 2015 through January 2019, Tenet operated West Suburban Medical Center ("West Suburban") in Oak Park, Illinois.

6. At all relevant times, Tenet has had at least fifteen (15) employees.

7. At all relevant times, Tenet has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8. At all relevant times, Tenet has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9. Since at least January 2019, Pipeline has continuously been a corporation incorporated under the laws of the state of Delaware doing business in the State of Illinois, in the city of Oak Park.

10. Since at least January 2019, Pipeline has had at least fifteen (15) employees.

11. At all relevant times, Pipeline has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

12. In or about January 2019, Defendant Pipeline assumed operation from Defendant Tenet of all or a substantial portion of West Suburban.

13. Pipeline continues to operate West Suburban in the same location, in the same line of business, with substantially the same staff and resources as Tenet.

14. Pipeline had notice of the EEOC's investigation of the matters alleged in this complaint through its agents with whom EEOC corresponded throughout the investigation.

15. Tenet could have provided both monetary and injunctive relief prior to the sale of West Suburban.

16. Since Pipeline assumed the operation of West Suburban, Tenet is unable to provide the injunctive relief sought in this matter.

17. Since Pipeline assumed the operation of West Suburban, Pipeline is able to provide both monetary and injunctive relief.

## ADMINISTRATIVE PREREQUISITES

18. More than 30 days prior to the institution of this lawsuit, Quiroz filed a charge of discrimination alleging a violation of Title I of the ADA by West Suburban, which was owned by Tenet.

19. On September 4, 2019, EEOC issued an Amended Letter of Determination finding reasonable cause to believe that Defendants violated the ADA by failing to make reasonable accommodations to Quiroz's disability and discharging her because of her disability.

20. The EEOC invited Defendants to engage in conciliation in an endeavor to eliminate the unlawful employment practices and provide appropriate relief.

21. EEOC engaged in communications with Defendants to provide them with the opportunity to remedy the discriminatory acts described in the Amended Letter of Determination.

22. The EEOC was unable to secure a conciliation agreement acceptable to the Commission.

23. On September 18, 2019, EEOC issued a Notice of Failure of Conciliation to Defendants.

24. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

25. In July 2008, Quiroz began working at West Suburban as a radiology tech.

26. Since July 2015, Quiroz has had an impairment that substantially limits the function of her skin.

27. During the relevant time period, Quiroz's impairment was a disability within the meaning of the ADA.

28. During the relevant time period, Quiroz has been a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

29. Since at least January 2016, Defendant Tenet engaged in unlawful employment practices at West Suburban, in violation of Title I of the ADA, 42 U.S.C. § 12112(a) & (b)(5), when it refused to permit Quiroz to return to work with a reasonable accommodation. Specifically:

   a. In July 2015, Quiroz began a leave of absence related to her disability.

   b. In 2015, Tenet was aware of Quiroz's disability.

4

    c. In January 2016, Quiroz informed Tenet that she was ready to return to work and provided Tenet with a doctor's note stating that she needed a part-time schedule as an accommodation to her disability;

    d. Tenet could have provided Quiroz with an accommodation to her schedule without undue hardship;

    e. With this reasonable accommodation, Quiroz would have been able to perform the essential functions of her radiology tech job;

    f. Tenet did not permit Quiroz to return to her position with a reasonable accommodation in January 2016; and

    g. Rather than permitting her to return to her position, Tenet required Quiroz to take unpaid leave.

30. Since at least April 2016, Defendant Tenet engaged in unlawful employment practices at West Suburban, in violation of Title I of the ADA, 42 U.S.C. § 12112(a) & (b)(5), when it refused to permit Quiroz to return to work. Specifically:

    a. In March 2016, Quiroz was cleared to work without a reasonable accommodation beginning in April 2016;

    b. Quiroz informed Tenet that she could return to her position without a reasonable accommodation;

    c. Tenet did not permit Quiroz to return in April 2016; and

    d. Tenet required Quiroz to continue to take unpaid leave.

31. Since at least July 2016, Defendant Tenet has engaged in unlawful employment practices at West Suburban, in violation of Title I of the ADA, 42 U.S.C. § 12112(a) & (b)(5), when it discharged Quiroz because of her disability.

32. The effect of the practices complained of above has been to deprive Quiroz of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

33. The unlawful employment practices complained of above were intentional.

34. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Quiroz.

35. Pipeline is a successor in liability to Tenet for all purposes related to this action.

## PRAYER FOR RELIEF

WHEREFORE, EEOC respectfully prays that this court:

A. Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make Quiroz whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendants to make Quiroz whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, job search expenses and medical expenses, in amounts to be determined at trial.

E. Order Defendants to make Quiroz whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including

but not limited to, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F.  Order Defendants to pay Quiroz punitive damages for its malicious, and/or reckless conduct, as described above, in amounts to be determined at trial.

  G.  Grant such further relief as the Court deems necessary and proper in the public interest.

  H.  Award EEOC its costs of this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all issues of fact raised by its Complaint.

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment
Opportunity Commission
131 M. St NE
Washington, DC 20507

GREGORY M. GOCHANOUR
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

/s/ Jonathan Delozano
JONATHAN DELOZANO
Trial Attorney
U.S. Equal Employment
Opportunity Commission
Chicago District Office
230 S. Dearborn St., Ste 2920
Chicago, Illinois 60604
(312) 872-9695