**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) | Civil Action No. 1:20-CV-03579 |
| | ) | |
| v. | ) | Judge Robert M. Dow Jr. |
| | ) | |
| VHS WEST SUBURBAN MEDICAL CENTER, LLC and PIPELINE-WEST SUBURBAN MEDICAL CENTER, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## CONSENT DECREE

### THE LITIGATION

1.  Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a Complaint under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 against Defendant Tenet Healthcare Corporation ("Tenet") alleging that Tenet violated the ADA when it failed to provide Maribel Quiroz ("Quiroz") a reasonable accommodation in January 2016, failed to permit her to return to work in April 2016 because of her disability, and discharged her in July 2016 because of her disability.

2.  EEOC also filed this suit against Pipeline-West Suburban Medical Center, LLC ("Pipeline") alleging that Pipeline is a successor to Tenet for all purposes related to this action. EEOC does not allege that Pipeline engaged in discriminatory conduct against Maribel Quiroz. Defendants filed answers denying the material allegations of EEOC's complaint.

3.  Tenet filed a motion stating that VHS West Suburban Medical Center, LLC ("VHS") was Quiroz's employer within the meaning of the ADA at the times of the occurrences referenced in the Complaint and is the proper defendant in this action. Tenet was granted leave

to amend its answer to denying that it was Quiroz's employer. Thereafter, VHS has voluntarily participated in the resolution of this matter and agreed to be bound by the terms of this Consent Decree. The EEOC, Tenet, VHS, and Pipeline agree — and the court hereby orders — that Tenet is substituted for VHS as a Defendant in this matter. Tenet is bound by this Decree only to the extent specifically set forth below. In this Decree, "Defendants" refers to VHS and Pipeline.

4. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, Plaintiff and Defendants have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree").

5. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the Plaintiff and shall be binding on the Plaintiff; Defendants; Defendants' respective directors, officers, employees, successors, and assigns; and all persons in active concert or participation with Defendants.

6. Notwithstanding the foregoing, the parties to this Decree acknowledge and agree that it applies to: (a) Pipeline only to the extent set forth in Paragraphs 8-10 and 26-30, below, but does not otherwise impose any further obligations on Pipeline; and (b) Tenet and its directors, officers, employees, successors and assigns to the extent set forth in Paragraphs 8 and 9 below, but does not otherwise impose any further obligations on Tenet.

<u>FINDINGS</u>

7. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

    (a) This Court has jurisdiction over the subject matter of this action and the parties hereto;

    (b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

DM2\14736403.1

(c)  The rights of the parties and the public are adequately protected by this Decree;

(d)  This Decree conforms to the Federal Rules of Civil Procedure, the ADA, and is not in derogation of the rights or privileges of any person; and

(e)  Entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

<u>MONETARY RELIEF</u>

8.  Within seven (7) calendar days of the later of entry of this Decree by the Court and receipt by Defendants of the Release attached as **Exhibit A** signed by Quiroz, Tenet or VHS shall pay Quiroz the gross sum of $150,000, for which they are jointly and severally liable. Of the gross sum, $75,000 shall be designated as back wages. The amount designated as back wages shall be subject to any required tax withholdings and deductions, for which Tenet and/or VHS shall issue an IRS Form W-2 to Quiroz. Tenet or VHS may not deduct the employer's share of applicable taxes from the amount to be paid to Quiroz. Tenet or VHS shall issue an IRS Form 1099 to Quiroz for the remainder of damages. No deductions shall be made with respect to the remaining amount designated as compensatory damages. Tenet or VHS shall send Quiroz payment by check via Certified or Registered Mail or, if requested by EEOC, via electronic deposit. Contemporaneously, Tenet or VHS shall submit a copy of the check(s) to EEOC or a receipt or other record showing the electronic deposit.

9.  If any portion of the monetary relief is not issued and mailed to Quiroz within the seven (7) day period set forth in Paragraph 8 ("Unpaid Amount"), then for each business day beyond that period that the Unpaid Amount remains unpaid, Tenet or VHS shall pay to Quiroz,

in the manner set forth above, an amount equal to the greater of $50 or 0.1% of the Unpaid

Amount. Pipeline is jointly and severally liable for payment to Quiroz of all monetary relief

owed by Tenet and VHS, and EEOC may seek any proportion of the Unpaid Amount, and any

additional amount as described in this paragraph, from any of the Defendants and/or Tenet.

<u>INJUNCTION AGAINST RETALIATION</u>

10.     Pipeline and VHS, their directors, officers, agents, employees, successors,

assigns, and all persons acting in concert with them are hereby enjoined from engaging in any

form of retaliation against any person because such person has opposed any practice made

unlawful under the ADA; filed a Charge of Discrimination under the ADA; testified or

participated in any manner in any investigation, proceeding, or hearing under the ADA; or

asserted any rights under this Decree.

<u>VHS</u>

11.     VHS hereby certifies to the Court and to EEOC that it does not own and operate

any business with facilities in Illinois.

12.     VHS shall provide the EEOC with semi-annual written certifications through the

duration of the Decree that it has not assumed ownership or operations of any business with

facilities in Illinois. The first such certification shall be due 6 (six) months after entry of the

Decree.

13.     If VHS assumes ownership or operation of a business with a facility in Illinois

(Covered Facility) during the duration of this Decree, it shall notify EEOC no later than 30 days

in advance, and shall be bound by the provisions of this Decree contained in Paragraphs 14-25

below, without further act or deed by any person and without further notice to or order from the

Court.  Otherwise, VHS shall not be bound by the provisions of this Decree contained in Paragraphs 14-25 below.

<u>INJUNCTION AGAINST DISCRIMINATION</u>

14.     VHS, its directors, officers, agents, employees, successors, assigns, and all persons acting in concert with them are hereby enjoined from: (1) discharging or failing to allow any employee to return to work from a leave of absence on the basis of disability at a Covered Facility; and (2) failing to provide reasonable accommodations in violation of the ADA at a Covered Facility.

<u>DISABILITY DISCRIMINATION AND ACCOMMODATION POLICIES</u>

15.     Within thirty (30) calendar days of VHS assuming ownership or operation of a Covered Facility, VHS shall adopt or affirm, and maintain throughout the Term of this Decree, policies at the Covered Facility related to reasonable accommodations and disability discrimination. Such policies shall, at minimum:

(a) Specifically prohibit each form of employment discrimination that is unlawful under the ADA

(b) State that employees who need a reasonable accommodation for a disability may request one, and provide examples of how employees may make such requests and examples of reasonable accommodations including an example of a restructured job, an altered schedule, an assistive device, an environmental alteration, and a transfer to a comparable open position.

(c) State that upon learning of an employee's possible need for accommodation of a disability, VHS will promptly engage the employee in an interactive process

5

to evaluate what accommodation(s) may be needed to enable the employee to perform his or her essential job functions.

(d) State that VHS will not categorically apply any "100% healed," "released to full duty," or "released without restrictions," requirements to employees, including employees seeking to return from any disability-related absence, and that VHS will instead give individualized consideration to an employee's ability to perform the essential functions of his or her job, with or without a reasonable accommodation.

(e) State that when an employee makes a request for an accommodation, VHS will communicate, in writing, what reasonable accommodation(s) it will provide or, if VHS determines that it cannot provide a reasonable accommodation, the basis for that decision, including the possible reasonable accommodations considered.

16.    Nothing in this Decree represents an endorsement by the EEOC or by the Court that VHS or any of its policies have been or is in compliance with federal anti-discrimination laws.

<u>TRAINING</u>

17.    No later than sixty (60) calendar days after VHS assumes ownership or operation of a Covered Facility, all of VHS's human resources and supervisory employees at the Covered Facility shall participate in a training session regarding the laws pertaining to employment discrimination, including obligations of employers under the ADA. VHS shall repeat this

6

training at least once every twelve (12) months for the duration of the Decree. A registry of attendance shall be maintained for each training session required under this paragraph.

18.     VHS shall obtain the EEOC's approval of its proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraph 17, above. The trainer shall not be: (a) an individual who provided legal representation or advice to (or who is affiliated with an entity that has provided legal representation or advice to) Defendants, VHS or any of their owners, officers, or management employees during or subsequent to the five years preceding entry of this Decree; or (b) an owner, officer, or employee of Defendants. VHS shall submit the name(s), address(es), telephone number(s), resume(s) and training proposal of their proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC at least twenty (20) business days prior to the proposed date of each training session. EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer(s) and/or content the trainer proposes to present. In the event the EEOC does not approve VHS's proposed trainer, training proposal, and/or training materials, VHS shall have five (5) business days to identify an alternate trainer and/or make changes to the training proposal and/or training materials. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer, proposal, and/or training materials. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 26, below.

19.     No later than five (5) business days after each training session described in Paragraph 15, above, takes place, VHS shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of

training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained, including at which facility each person trained is employed; (c) a current list by name, position, and employer(s) of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC.

## POSTING AND DISTRIBUTION OF NOTICE

20.     No later than ten (10) business days after VHS assumes ownership or operation of a Covered Facility, VHS shall post copies of the Notice attached as **Exhibit B** to this Decree in physical or electronic locations that are regularly used by VHS for posting legal notices concerning employee rights at  the Covered Facilities. The Notices shall remain posted in this manner for the term of this Decree. VHS shall take all reasonable steps to ensure that the postings are not altered, defaced, or covered by any other material. VHS shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

21.     No later than fifteen (15) business days after VHS assumes ownership or operation of a Covered Facility, VHS shall certify to EEOC in writing that the Notices have been properly posted and distributed in accordance with Paragraph 20.

## RECORD KEEPING

22.     VHS shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report of disability discrimination and each request for a reasonable accommodation at all of its Covered Facilities, if any.

23.     For each such complaint or report of disability discrimination, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged; (d) the name and position of all employees who were made aware of the complaint or report; (e) a written description of the resolution or outcome, including a description of what actions, if any, VHS took, and the name and position of all employees who were involved in any such actions taken; (f) if the complaint or report was made in written form, a copy thereof; and (g) a copy of all documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

24.     For each request for a reasonable accommodation, such records shall include: (a) the name, address, and telephone number of the employee making the request; (b) the date of the request; (c) the functions of the employee's position that the employee is requesting to have accommodated; (d) a description of any specific accommodation(s) requested or suggested by the employee; (e) the name and position of all employees who were made aware of the request for accommodation; (f) a written description of the resolution or outcome of the request, including whether an accommodation was provided and if so, what accommodation was provided; if no accommodation was provided, the reason why VHS determined that it could not provide an accommodation; and the name and position of all employees who were involved in any determining whether an accommodation should be made; (e) if the request for an accommodation is in written form, a copy thereof; and (d) a copy of all documents, including notes, correspondence, doctor's notes, or written statements, collected in the course of deciding whether to provide an accommodation.

REPORTING

9

25.     VHS shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report"), to the extent applicable, during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after VHS assumes ownership or operation of a Covered Facility. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

(a) copies of all records described in Paragraph 22-24, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a certification by VHS that no complaints or reports of disability discrimination or requests for reasonable accommodations were received during that period; and

(b) a certification by VHS that the Notice required to be posted pursuant to Paragraph 20 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report).

DISPUTE RESOLUTION

26.     If EEOC, during the term of this Decree, believes that any Defendant has failed to comply with any provision(s) of the Decree, EEOC shall notify that Defendant of the alleged noncompliance and shall afford the party ten (10) business days to remedy the noncompliance or satisfy EEOC that the party has complied. If within ten (10) business days the party has not remedied the alleged noncompliance or satisfied EEOC that they have complied, EEOC may apply directly to the Court for relief.  In resolving any dispute under this Paragraph, if the Court finds noncompliance by a preponderance of the evidence, the Court may grant any relief it

10

determines to be appropriate, which may include modification of the Term or any other provision of this Decree, monetary sanctions, and/or any appropriate relief available to a court of equity.

<u>TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION</u>

27.     This Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of four (4) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 26, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

<u>MISCELLANEOUS PROVISIONS</u>

28.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs, except as otherwise indicated in this Decree, and except as otherwise agreed in writing by any of the parties.

29.     Defendants shall not condition the receipt of monetary relief on the agreement of Quiroz to: (a) waive any statutory rights to file a charge with any governmental agency; or (b) enter into a non-disparagement or confidentiality agreement.

30.     The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Pipeline and VHS during the duration thereof. Prior to any sale or other transfer of any Pipeline's or VHS' business or sale or other transfer of all or a substantial portion of their respective assets during the duration of this Decree, Pipeline and VHS shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor, except that this requirement shall cease to apply

DM2\14736403.1

to Pipeline once all monetary payments due under Paragraphs 8-9 of this Decree have been made.

      31.    When this Decree requires a certification by any Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of the Defendant to the best of such officer or management employee's knowledge, information, and belief.

      32.    VHS shall require personnel within their employ, upon request by the EEOC, to cooperate reasonably with, and to be interviewed by, the EEOC for purposes of verifying compliance with this Decree.

      33.    When this Decree requires the submission by VHS of reports, certifications, notices, or other materials to the EEOC, they shall be sent by U.S. Mail to West Suburban Medical Center Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn St., Ste. 2920, Chicago, IL 60604. By advance agreement of the parties, prior to each submission, materials may alternatively be submitted by electronic mail.

SO ORDERED, ADJUDGED, and DECREED on this __19th_day of ____November____ 2021.

By the Court:

_Robert M. Dow, Jr._

_____
          The Hon. Robert M. Dow
          United States District Judge

DM2\14736403.1

Agreed to in form and content:


For the EQUAL
EMPLOYMENT
OPPORTUNITY
COMMISSION
131 M. Street, NE
Washington, DC 20507

GWENDOLYN YOUNG
REAMS
Acting General Counsel


_____
Gregory Gochanour
EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, Illinois 60604
Telephone: (312) 872-9685
E-Mail:
gregory.gochanour@eeoc.gov


_____
Justin Mulaire
EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, Illinois 60604
Telephone: (312) 505-6384
E-Mail:
justin.mulaire@eeoc.gov

_____
Ann M. Henry
EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, Illinois 60604
Telephone: (312) 872-9659
E-Mail: ann.henry@eeoc.gov


_____
Jonathan Delozano
EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, Illinois 60604
Telephone: (312) 872-9695
E-Mail:
jonathan.delozano@eeoc.gov

For DEFENDANT PIPELINE WEST
SUBURBAN MEDICAL CENTER, LLC

_____
Brittany Whitman
Corporate Counsel

For DEFENDANT VHS WEST
SUBURBAN MEDICAL CENTER INC.

_____
Marita Covarrubias
Vice President/Assistant General Counsel
Law Department

_____
Robert H. Smeltzer (ARDC No. 6208501)
Walker Morton, LLP
180 N. Stetson Avenue, 47th Floor
Chicago, Illinois 60601
(312) 471-2907
rsmeltzer@walkermortonllp.com

For TENET HEALTHCARE INC.

_____
Marita Covarrubias
Vice President/Assistant General Counsel
Law Department

_____
Robert H. Smeltzer (ARDC No. 6208501)
Walker Morton, LLP
180 N. Stetson Avenue, 47th Floor
Chicago, Illinois 60601
(312) 471-2907
rsmeltzer@walkermortonllp.com

**EXHIBIT A**

## **RELEASE AGREEMENT**

In consideration of $150,000 to be paid to me by Defendants in connection with the

resolution of *EEOC v. VHS West Suburban Medical Center, LLC and Pipeline-West Suburban*

*Medical Center*, *LLC*, No. 20-cv-03579 (N.D. Ill.), I waive my right to recover for any claims of

disability discrimination or failure to accommodate any disability arising under the Americans

with Disabilities Act that I had against Defendants Pipeline-West Suburban Medical Center,

LLC and VHS West Suburban Medical Center, LLC on or before the date of this release and that

were included in the claims in EEOC's complaint in *EEOC v. VHS West Suburban Medical*

*Center, LLC and Pipeline-West Suburban Medical Center*, *LLC*, No. 20-cv-03579 (N.D. Ill.)


Signed: _____     Date: _____
                Maribel Quiroz

**EXHIBIT B**

DM2\14736403.1

## <u>NOTICE TO VHS EMPLOYEES</u>

       This Notice is posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. VHS West Suburban Medical Center, LLC and Pipeline-West Suburban Medical Center, LLC*, No. 20-cv-03579 (N.D. Ill.), resolving the lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Defendants VHS West Suburban Medical Center, LLC (VHS), and Pipeline-West Suburban Medical Center, LLC (Pipeline).

       In this lawsuit, the EEOC alleged that VHS violated the Americans with Disabilities Act by subjecting an employee to discrimination on the basis of her disability and failing to provide her with a reasonable accommodation. The EEOC did not allege that Pipeline engaged in any discrimination and named Pipeline only as a successor to Tenet Healthcare, Inc. and VHS.

       To resolve this case, EEOC, the employee, and Defendants have entered into a Consent Decree requiring, among other things, that:

1. VHS pay the employee who was affected by the violations a total of $150,000 in damages;

2. VHS is enjoined from subjecting employees to disability discrimination or failing to provide a reasonable accommodation;

3. VHS is enjoined from retaliating against any employee who has made allegations of disability discrimination, participated in any proceeding involving discrimination under the ADA, or received any benefit as a result of this litigation or the Decree; and

4. VHS will adopt and distribute a policy related to disability discrimination and reasonable accommodations and provide training to their employees on the policy and the requirements of the ADA.

       The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment, pregnancy), religion, national origin, age, disability, genetic information, and retaliation. Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 872-9777 or by TTY at (312) 669-6820. The EEOC charges no fees.

## <u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>

       This Notice must remain posted for four (4) years from the date below and must be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: West Suburban Medical Center Consent Decree Compliance; EEOC – Legal Unit; 230 S. Dearborn Street, Suite 2920; Chicago, Illinois 60604.

*Robert M. Dow, Jr.*

November 19, 2021
_____
       Date                                              Judge Robert M. Dow
                                            United States District Court